FRANK POPHAM, CONSERVATOR AND ADMINISTERING UPON THE
ESTATE OF LAURA HOPE BAIN

*v.*

STATE OF ILLINOIS.

*Opinion filed November 26, 1918.*

MISTAKE OF LAW—*no recovery can be had for moneys paid.* Where payment is voluntarily paid under a mistake as to the law it cannot be recovered back.

PAYMENT UNDER AN UNCONSTITUTIONAL LAW—*when no recovery can be had.* Where payment is voluntarily made under a statute which is afterwards declared unconstitutional no recovery of the amount paid can be had. (Home Life Ins Co. v. State, 2 C. C. 50, followed.)

DURESS—*when payment is not compulsory.* Payment is not compulsory unless it is made to relieve from actual or existing duress imposed upon the party paying by the party to whom payment is made.

SAME. ORDER OF COURT—*what does not constitute duress.* Order of court directing conservator (of decedent's estate) to pay claim against the estate does not constitute duress.

Edward J. Brundage, Attorney General, for State.

The claimant, representing the estate of Laura Hope Bain, now deceased, seeks to recover moneys paid by the conservator of said deceased from February 14, 1912, to April 1, 1917, amounting to $1,044.16 for the support of Laura Hope Bain while she was an inmate of the Kankakee State Hospital. These payments were made pursuant to the provisions of an Act of the Legislature of the State of Illinois approved June 11, 1912, providing that the total cost of the support of patients confined in asylums or State hospitals of the State of Illinois, was a charge against the estates of such inmates. This law was declared unconstitutional by the Supreme Court of the State in the case of Board of Administration, Miles, 278 Ill. page 174, and on that ground claimant now seeks to recover the moneys paid under the provisions of said unconstitutional act.

The State filed a motion to dismiss this cause on the ground that the declaration does not comply with Rule 5 of the Rules of this Court, whereupon claimant filed a motion to amend the declaration and also the amendment to same, to which the State filed a general demurrer. The motion to amend the declaration will be allowed and the amendment directed to be filed as of the date of the motion and the demurrer filed by the State will be considered as a demurrer to the declaration as amended. The case, therefore, comes up on a question of law presented by the demurrer to the declaration as amended, as to claimant's right to recover.

It seems clear to us from the facts shown in the declaration as amended that the payments made by intestate's conservator were voluntarily made and were not payments made under duress or compulsion and that these payments were made upon a mistake of law. The Supreme Court in the case of the *People* v. *Foster,* 133 Ill. page 509, has held that where money is voluntarily paid under a mistake, as to the law and under a claim of right, it cannot be recovered back, and in the case of *Yates* v. *The Royal Insurance Company,* 200 Ill. page 202, the Supreme Court of this State decided that the mere fact that the statute imposing a tax is unconstitutional and the tax for that reason illegal, does not authorize recovery of the amount paid if it was paid voluntarily. This is similar to the case at bar, where the Act was declared unconstitutional and claimant seeks to recover, and this Court, in the Home Life Insurance Company case, in which an opinion was filed December 19, 1908, held that there can be no recovery of payments made under a mistake of law.

It seems to us that the money herein sought to be recovered was paid voluntarily and not under duress. The duress must come from the party to whom the money is paid. Claimant in his brief contends that these payments were made under duress because the Court having jurisdiction of this estate directed the conservator of deceased to make these payments. The law seems to be that a payment is not compulsory unless made to relieve from actual or existing duress imposed by the party to whom the money is paid. There is nothing in this case to show that the State through its Board of Administration, did anything except to demand these payments, and exercised no duress of any kind upon the deceased or her legal representative.

We are of the opinion that the claimant has no right to recover in this case. The demurrer to the declaration as amended is sustained and the cause dismissed.